UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA RICO, and others,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST MAGANSON HOLDINGS, INC.,<br><br>    Defendant. | Case No. 16-cv-04191 NC<br><br>**ORDER APPROVING SETTLEMENT AND DISMISSING CASE**<br><br>Re: ECF 31, 33, 35 |

    The parties have settled their dispute and present to the Court: (1) Motion for Settlement Approval (ECF 33); (2) the Settlement Agreement (ECF 35); and (3) Stipulation and Proposed Order of Dismissal (ECF 31). Because one of plaintiffs' claims is under the federal Fair Labor Standards Act (FLSA), approval by either the Secretary of Labor or the Court is required before the claim may be settled. When presented with a proposed settlement of an FLSA claim, the Court "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Yue Zhou v. Wang's Restaurant*, Case No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007); *Arnaudov v. Cal. Delta Mechanical, Inc.*, No. 13-cv-02306 NC, ECF 141 (N.D. Cal. Apr. 7, 2015) (denying motion to seal settlement agreement attached to motion for FLSA settlement approval).

Case No. 16-cv-04191 NC

1  The Court has reviewed the settlement and motion for approval.  Plaintiffs were employed at the Days Inn in Gilroy, California.  Plaintiffs Ana Rico, Joel Allain, and Allen Tayson worked at the front desk.  Norma Zambrano worked in housekeeping.  Esteban Palao worked in maintenance.  Plaintiffs had different dates of employment (see ECF 33 at 3), but all ended their employment by August 2015.  Plaintiffs contend that defendant failed to pay them overtime wages, failed to provide rest and meal periods, and did not provide accurate wage stubs.  First Maganson disputes the claims, and filed a counterclaim. ECF 8.

The parties settled all their claims and counterclaims following a mediation.  As part of the settlement, plaintiffs release their claims against defendant.  The total settlement is $43,000, of which $18,500 is allocated to attorneys' fees and costs.  Plaintiffs' counsel asserted that he worked more than 160 hours on the case.  ECF at 7.  Each side has agreed to dismiss its claims against the other.  ECF 31.

Having reviewed the terms of settlement and compared them to the computation of wages owed, the Court determines that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  The Court therefore APPROVES the settlement of FLSA claims.

Having approved the settlement, the Court also GRANTS the stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1). ECF 31.  The dismissal is with prejudice as to all claims, counterclaims, causes of actions, and parties to the case, with each party to bear its own fees and costs except as set forth and approved in the Settlement Agreement.

The Clerk of Court is asked to terminate this case.

**IT IS SO ORDERED.**

Dated:  March 14, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-04191 NC                    2